In the Matter of the Application of MILES S. B. KNIGHTS for a Peremptory Writ of Mandamus, *v.* ELLIS J. STALEY, as Conservation Commissioner of the State of New York.

. Supreme Court, Albany Special Term, August, 1921.

*Mandamus — civil service — game protectors in Niagara county — suspension because of lack of appropriation — in what order suspensions should be made — one who has resigned and then been reinstated entitled to benefit of his first employment.*

PETITION for peremptory writ of mandamus.

*Ainsworth, Carlisle, Sullivan & Archibald,* for petitioner.

*Charles D. Newton,* attorney-general (*Patrick Henry Clune,* of counsel), opposed.

NICHOLS, J. The petitioner for the past ten years has been a citizen of the United States and a resident of the state of New York, residing in Niagara county. November 29, 1913, the petitioner took an open competitive examination conducted by the New York state civil service commission for the position of game protector of the county of. Niagara, said position being provided for under section 165 of the Conservation Law. The petitioner passed said examination and was duly rated as No. 1 on the eligible list for the appointment to the position of game protector of Niagara county, and on December 9, 1913, was appointed to the aforesaid position and duly qualified and continuously held said position and discharged the duties thereof until November 15, 1919, at which time petitioner resigned said position to accept a position under the federal government as a United States game warden for which appointment he had been recommended by the conservation commissioner of the state of New York. Such resignation and petitioner's separation from said service on November 15, 1919, was through no misconduct or delinquency on his part.

At the time of petitioner's resignation there was in force rule 16 " Reinstatement in Service," duly adopted by the civil service commission of the state of New York, which rule reads as follows:

" Rule XVI. Reinstatement in Service.— Any person who has held a position by appointment under the civil service rules, as the result of examination, and who has been separated from the service through no delinquency or misconduct on his part, by removal, resignation, suspension, by leave of absence, without pay, may be reinstated without reexamination in a vacant position in the same office, department or institution, and in the same group, subdivision and grade, within one year from the date of such separation; or may be appointed within one year from the date of separation from the service, to a position to which he was

eligible for transfer; provided that for original entrance to the position proposed to be filled by reinstatement, or appointment, there is not required by these rules, in the opinion of the commission, an examination involving essential tests or qualifications different from or higher than those involved in the examination for original entrance to the position formerly held by the person proposed to be reinstated or appointed. Absence on leave for more than one year shall be deemed the equivalent of a resignation from the service upon the date of commencement of such absence. * * * "

On April 29, 1920, the petitioner applied to the conservation commissioner for reinstatement to the same position which he had vacated by his resignation aforesaid. On May 13, 1920, the petitioner was reinstated by the conservation commissioner to the same position which he had vacated and at the same salary per annum which he was receiving at the time of his resignation, to wit, $1,320 and which was more than he received at the time of his original appointment and more than any newly appointed game protector was entitled to receive. On May 24, 1920, the petitioner qualified and entered upon the duties of the position, from which he was suspended June 30, 1921.

By chapter 328 of the Laws of 1921 the number of game protectors was reduced from 131 to 90.

By section 22a of the Civil Service Law, as added by chapter 836 of the Laws of 1920, it is provided (Suspension and reinstatement of employees): "Whenever a position in the competitive class or qualified grades in the civil service of the state or any civil division or city thereof is abolished or made unnecessary, the person holding such position shall be deemed to be suspended without pay. Such suspension shall be made in the inverse order of their original appointment in the service and such person so suspended shall be entitled to reinstatement in that or any corresponding or similar position if within two years thereafter there is need for his services."

In carrying out the reduction in the force of game protectors, each county became a separate unit in the determination of the inverse order of original appointment of the game protectors therein. On July 1, 1921, there were two game protectors in Niagara county, the petitioner and one James Woodcock who was appointed November 16, 1919. The petitioner was suspended by the conservation commissioner on June 30, 1921, without pay and said suspension was claimed to be pursuant to the amendment of section 165 of the Conservation Law, as regulated by chapter 328 of the Laws of 1921, and as regulated by section 22a of the Civil Service Law, and for no other cause.

I do not agree with the contention of the respondent that the provision, " *Such suspension shall be made in the inverse order of their original appointment,*" means the last appointment which they may have received for the position and requires continuous service, because if that is the meaning of the word " *original,*" the word " original " is entirely superfluous and means nothing; it relates back to cases where an individual may have been separated from the service without delinquency or misconduct and means the first appointment; in the language of rule XVI, " by resignation, etc.," where the individual has been reinstated, the lapse of time during which he was out of the service does not aid him for seniority; but the time that he was in the service in the very position from which he is suspended being largely in excess of the time the other protector, Woodcock, was in the service, and petitioner's original appointment being first, the petitioner is entitled to a writ of peremptory mandamus reinstating him in his position with pay at the rate he was receiving at the time of his suspension, with fifty dollars costs.

The petitioner having shown a clear right to the writ as aforesaid, it is not necessary to discuss the question as to his position and the right to the writ on the ground that he is an exempt fireman; nor, as to whether or not the allegation in the respondent's affidavit, " that he has no information sufficient to form a belief," is a sufficient denial to bring that allegation in issue.

Writ granted.